UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Wells Fargo Bank, National Association, as
Trustee for Option One Mortgage Loan Trust
2007-2, Asset-Backed Certificates, Series
2007-2

Civil No. 17-cv-136-JL

v.

David B. Moskoff et al.

**REPORT AND RECOMMENDATION**

Before the court is a motion to quash service filed by David B. Moskoff ("Moskoff"). (Doc. No. 30). For the reasons that follow, the court recommends the motion be denied.

I. **BACKGROUND**

The plaintiff initiated this action against Moskoff and other defendants on April 11, 2017. (Doc. No. 1). The plaintiff subsequently filed an amended complaint on April 12, 2017, before the court had issued summonses for service of process. (Doc. No. 3). On June 6, 2017, the plaintiff filed a certificate of service as to Moskoff. (Doc. No. 9). In a subsequent affidavit, plaintiff's counsel's paralegal avers that the service package included, inter alia, a copy of the original complaint, a copy of all 19 exhibits referenced in both the original complaint and in the amended complaint, and a copy of the amended complaint. (Doc. No. 34).

In a document entitled "Verified Answer," Moskoff does not state that the exhibits were not part of the service package, but appears to take issue with the fact the exhibits were not attached to the amended complaint itself. (Doc. No. 14). Apparently in response to Moskoff's Verified Answer, plaintiff's counsel subsequently mailed a copy of the amended complaint with exhibits to Moskoff at 29-32 Seacliff Bay Road, Newmarket, New Hampshire. (Doc. No. 20). Moskoff represents that he returned this mailing to plaintiff's counsel on July 3, 2017, apparently in order to preserve his objection to service as well as his objections to various aspects of this case as plead. (Doc. No. 24).

Moskoff then filed the instant motion to quash based on ineffective service of process. (Doc. No. 30). In an objection to that motion, the plaintiffs again attached the exhibits to the amended complaint. (Doc. No. 34-4). Moskoff apparently returned the package containing the objection and attached exhibits to plaintiff's counsel based on his contention that it was improperly addressed in his name as well as "Daphne Moskoff." (Doc. No. 37 at 1).

Moskoff's motion to quash challenges service on two grounds. First, Moskoff maintains that the amended complaint and certificate of service do not properly identify Ms. Fotiades, the person who actually accepted the service

2

documents, rendering service ineffective. Second, Moskoff claims service is improper because the exhibits referenced in the amended complaint were not attached to the document. The court will address these arguments seriatim.

## II. SERVICE OF PROCESS

Federal Rule of Civil Procedure 4 governs service of process. An individual may be served by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e)(2)(B). Alternatively, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under this provision, service is proper if it complies with New Hampshire service law, which is the state where this court is located and where service was made. Under New Hampshire law, "All writs and other processes shall be served by giving to the defendant or leaving at his abode an attested copy thereof, except in cases otherwise provided for." RSA 510:2.

Rockingham County Deputy Sheriff Michael E. Chavez states that on May 30, 2017, at 22 Bayview Drive, Newmarket, New Hampshire, he personally served the summons and complaint on

"DAPHNE FOTIADES FOR DAVID B MOSKOFF." (Doc. No. 9 at 1). As noted above, Moskoff makes much of the purported misnomer of Fotiades in the amended complaint and return of service. Moskoff points to no case authority or rule to support his position that a misnomer in the return of service document invalidates in hand service. He also does not contest that the sheriff's deputy made service at Moskoff's dwelling or usual place of abode. Nor does he make any claim that the deputy did not leave the documents with someone of suitable age and discretion who resides there. Indeed, under New Hampshire law, service is proper if process is simply left at the individual's abode. Based on this record, there is no question that service is proper under both the Federal Rules of Civil Procedure and New Hampshire law.

### III. **SUFFICIENCY OF PROCESS**

Moskoff objects to the sufficiency of process based on his contention that the exhibits were not physically attached to the amended complaint in the service package. Moskoff points to no case authority or rule to support his position. To the contrary, "exhibits attached to plaintiffs' original complaint are deemed 'incorporated into the [amended] complaint' even though the exhibits were not physically attached to it." Rocket Learning, Inc. v. Rivera-Sánchez, 851 F. Supp. 2d 384, 390 (D.P.R. 2012)(citing Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)).

4

Furthermore, on two subsequent occasions, plaintiff's counsel attempted to mail copies of the exhibits to Moskoff. Both times, Moskoff chose to return the mail. To avoid wasting more time of the litigants and of the court, the undersigned directs plaintiff's counsel to mail one additional copy of the exhibits to Moskoff at P.O. Box 436, Newmarket, NH 03857, which is the address that Moskoff has provided the court. (Doc. No. 14 at 13). The exhibits should be mailed within seven (7) days of the date of any order adopting this report and recommendation. Moskoff is advised that he rejects additional mail from plaintiff's counsel at his peril.

## CONCLUSION

For the foregoing reasons, the undersigned recommends the district judge:

A. Deny Moskoff's motion to quash (Doc. No. 30);
B. To the extent that the request for alternative relief in Moskoff's "Verified Answer" can be construed as a motion to dismiss for improper service (Doc. No. 14), that motion should be denied.
C. Deny Moskoff's request for the plaintiff to re-serve him with the amended complaint (Doc. No. 14);
D. Order the plaintiff to mail another copy of the exhibits by first class mail to Moskoff at P.O. Box 436, Newmarket, NH 03857, ensuring that mail is delivered to the post office

5

box within seven (7) days of the date of the order adopting this report and recommendation;

E. Allow Moskoff 24 days from the date the exhibits are mailed to him to file an amended answer or other pleading consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

SO ORDERED.

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

November 14, 2017

cc: Walter H. Porr, Jr., Esq.
David B. Moskoff, pro se
Daphne Fotiades, pro se
Peter M. Solomon, Esq.