```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Wells Fargo Bank, National
Association, as Trustee for
Option One Mortgage Loan Trust
2007-2, Asset-Backed Certificates,
Series 2007-2

    v.                                              Civil No. 17-cv-136-JL
                                                     Opinion No. 2018 DNH 258

David B. Moskoff, Daphne M.N.
Fotiades, Stewart Title Guaranty
Company

**ORDER**

      Through this action, plaintiff Wells Fargo seeks to foreclose on a mortgage agreement that it alleges defendants David B. Moskoff and Daphne M.N. Fotiades entered into in 2006.[1] It alleges that these defendants defaulted on their payments due under the mortgage loan beginning in September 2012.[2] These defendants claim, in response, that they never signed the mortgage agreement or note, and that the mortgage is a fraud.[3]

      Wells Fargo now seeks to compel production of copies of these defendants' tax returns held by non-party accounting firm Leone, McDonnell & Roberts (LMR) and testimony from a partner of

---

[1] Amended Compl. (doc. no. 3) ¶¶ 14-15.

[2] Id. ¶ 25.

[3] E.g. id. ¶ 26.

that firm as a keeper of records.[4]  As both Wells Fargo and LMR observe, LMR is prohibited by statute from disclosing this information without either these defendants' permission or a court order.[5]  See 26 U.S.C. § 7216; 26 C.F.R. § 301.7216-2(f)).  These defendants have withheld their permission,[6] leading Wells Fargo to seek a court order.

Wells Fargo seeks the records for the purpose of determining whether David B. Moskoff and Daphne M.N. Fotiades "claimed mortgage interest deductions that coincide with interest reported to the IRS by the mortgagee (including its predecessors-in-interest) or by its mortgage servicer(s) on IRS Form 1098 . . . ."[7]  This evidence is relevant to the question of whether these defendants acknowledged the mortgage, despite their disavowal of it beginning in 2012.

As LMR observes, the subpoena is unnecessarily broad insofar as it seeks "[a]ll records for" each defendant "for tax years 2005 to 2013."[8]  Wells Fargo, however, has clarified that

---

[4] Mot. to Compel (doc. no. 113).

[5] Contrary to defendant Daphne M.N. Fotiades's suggestion, see Fotiades Supp. Obj. (doc. no. 133) ¶¶ 5-7, it would not constitute a crime for LMR to produce these documents pursuant to a court order.  See 26 U.S.C. § 7216(b)(1)(B).

[6] LMR Obj. (doc. no. 116) ¶ 14.

[7] Mem. in Supp. of Mot. to Compel (doc. no. 113-2) at 2.

[8] LMR Obj. (doc. no. 116) ¶ 16; Subpoena Ex. 1 (doc. no. 116-1).

it seeks only information relevant to what mortgage interest deduction, if any, these defendants claimed for the years 2005 through 2012 and in connection with which, if any, mortgage the defendants claimed such a deduction.[9] This limited set of information is unquestionably relevant to the claims and defenses raised in this action, and must be produced. The remaining information on these defendants' tax returns, which is not relevant to this action, may be redacted.

Defendants Daphne M.N. Fotiades and David B. Moskoff object to the production of this information.[10] These objections make clear that the information sought by Wells Fargo is relevant both to Wells Fargo's claims and these defendants' defenses. Specifically, these defendants argue against production on the grounds that they are victims of synthetic identity fraud and that they did not take out the mortgage on which Wells Fargo seeks to foreclose.[11] Whether these defendants claimed a

---

[9] Mem. in Supp. of Mot. to Compel (doc. no. 113-2) at 8.

[10] Moskoff Obj. (doc. no. 123); Fotiades Obj. (doc. no. 124); Fotiades Supp. Obj. (doc. no. 133); Moskoff Supp. Obj. (doc. no. 134). David B. Moskoff and Daphne M.N. Fotiades originally objected on grounds that they were not served a copy of the motion to compel. See Fotiades Obj. (doc. no. 124) ¶¶ 1, 26. On December 10, 2018, the court afforded these defendants an opportunity to file supplemental objections to the motion after receiving a copy.

[11] Moskoff Obj. (doc. no. 123) ¶¶ 6-10; Fotiades Obj. (doc. no. 124) ¶¶ 5-8, 15-16; Fotiades Supp. Obj. (doc. no. 133) ¶ 20.

mortgage interest deduction in the same amount as appears in Wells Fargo's records is probative of that issue.

These defendants raise three objections that bear addressing. First, these defendants object on the grounds that the complaint names an individual other than Daphne M.N. Fotiades as a mortgagor and defendant, and that LMR has no records connected with that individual.[12] On June 8, 2018, and with Daphne M.N. Fotiades's agreement, the court ordered the complaint amended to name Daphne M.N. Fotiades as a defendant in place of the individual that Daphne M.N. Fotiades refers to as "aka-aka."[13] This forecloses any objection based on the idea that the complaint names an individual other than Daphne M.N. Fotiades or that Daphne M.N. Fotiades is not a defendant in this action.

Second, these defendants contend that Wells Fargo is improperly circumventing the discovery process established by Federal Rule of Civil Procedure 26(b)(1) by seeking these tax records through a subpoena instead of from its own records or these defendants directly.[14] As these defendants observe, Wells

---

[12] E.g., Fotiades Obj. (doc. no. 124) ¶¶ 5-16; Fotiades Supp. Obj. (doc. no. 133) ¶¶ 11-14, 18-20, 25-26, 34, 63.

[13] June 8, 2018 Hrg. Tr. (doc. no. 92) at 5, 7-10.

[14] Fotiades Supp. Obj. (doc. no. 133) ¶ 36-37, 41-45; Moskoff Supp. Obj. (doc. no. 134) ¶¶ 4-7, 10-11, 14-18.

4

Fargo has moved to compel this tax information from David B. Moskoff and Daphne M.N. Fotiades[15] because they failed to produce it in response to discovery requests. These defendants cannot stonewall traditional discovery and then complain when the plaintiff seeks the same information from another source.

Third, these defendants argue that production of these tax documents would violate certain privileges afforded to communications between a taxpayer and his or her certified public accountant. They invoke New Hampshire state law, under which, "[e]xcept by permission of the client," a certified public accountant "shall not voluntarily disclose information communicated to [the accountant] by the client relating to and in connection with services rendered to the client by [the accountant]."[16] N.H. Rev. Stat. Ann. § 309-B:18. That section further provides, however, that those restrictions shall not "be construed . . . as prohibiting disclosures in court proceedings . . . in instances where a subpoena or summons has been issue . . . ." Id. Thus, production of the tax documents in response

---

[15] See Mot. to Compel Fotiades to Produce Documents (doc. no. 129) (sealed); Mot. to Compel Moskoff to Produce Documents (doc. no. 131) (sealed).

[16] See Fotiades Supp. Obj. (doc. no. 133) ¶ 9; Moskoff Supp. Obj. (doc. no. 134) ¶ 12.

5

to a subpoena, for use in these court proceedings, would not violate this statute.

Nor would it violate the privilege afforded to communications between a taxpayer and a federally authorized tax practitioner.[17] See 26 U.S.C. § 7525(a)(1). That privilege is limited to "noncriminal tax matter[s] before the Internal Revenue Service" and "noncriminal tax proceeding[s] in Federal court brought by or against the United States," id § 7525(a)(2). This proceeding falls in neither of those categories.

These defendants' remaining objections generally concern the attorneys representing LMR[18] and Wells Fargo's unrelated transactions.[19] The plaintiffs also suggest the subpoena is invalid because Attorney McNicholas signed it prior to making an appearance in this action.[20] Though it would have been better practice to appear before signing the subpoena, that procedural wrinkle does not invalidate the subpoena. Nor do any of these defendants' remaining objections bar production of the requested documents or deposition testimony.

---

[17] See Moskoff Supp. Obj. (doc. no. 134) ¶ 13.

[18] Fotiades Obj. (doc. no. 124) ¶¶ 31-32; Fotiades Supp. Obj. (doc. no. 133) ¶¶ 2, 50-51; Moskoff Supp. Obj. (doc. no. 134) ¶¶ 2(i)-(j), 3, 11.

[19] Fotiades Obj. (doc. no. 124) ¶¶ 31-32.

[20] Fotiades Obj. (doc. no. 124) ¶ 29; Moskoff Supp. Obj. (doc. no. 134) ¶ 9.

Accordingly, Wells Fargo's motion to compel[21] is GRANTED. LMR shall produce copies of defendants David B. Moskoff's and Daphne M.N. Fotiades's tax returns for the years 2005 through 2013, inclusive. LMR shall redact all information not relevant to whether a mortgage interest deduction was taken, for how much it was taken, and in connection with which mortgage loan it was taken. These records shall be produced on or before January 7, 2019.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 21, 2018

cc: John S. McNicholas, Esq.
David B. Moskoff, pro se
Daphne M.N. Fotiades, pro se
Peter M. Solomon, Esq.
Thomas Kincaid McCraw, Jr., Esq.

---

[21] Document no. 113.